IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, <br> 1400 Defense Pentagon <br> Washington, DC 20301-1400, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the agencies'

responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4.  Defendant U.S. Department of Defense is an agency of the U.S. Government and is headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.  On December 9, 2022, Plaintiff served a FOIA request to the U.S. Department of Defense's Office of Inspector General ("DOD OIG") via DOD OIG's online FOIA portal, http://www.foiaonline.gov, requesting access to the following records:

> All records related to the DOD OIG investigation described as follows on page 42 of the Office of Inspector General's Semiannual Report to Congress, April 1, 2020 – September 30, 2022:
>
>> The DoD OIG investigated allegations that a Navy vice admiral made false official statements to senior Navy officials on three occasions. We did not substantiate the allegations. We concluded that the vice admiral did not make a false official statement, as defined by Article 107 of the Uniform Code of Military Justice, on any of the three occasions. The DoD OIG initiated this investigation based on complaints filed with the DoD Hotline.
>
> This request includes, but is not limited to, the following:
>
> •   All reports generated during the course of or pursuant to the investigation
>
> •   All notes, transcripts, summaries, recordings, or similar records documenting to any interview conducted during the course of the investigation
>
> •   All records related to the Office of Inspector General's determination that the allegations were not substantiated
>
> •   All related records of communication between any official or employee of the Office General and any other individual or entity.

The time frame of the request was identified as "January 1, 2020 to the present."

6. By letter dated December 12, 2022, Defendant confirmed receipt of the request on December 9, 2022 and advised Plaintiff that the request had been assigned reference number DODOIG-2023-00250.

7. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges all the preceding paragraphs as if fully set forth herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12 To trigger FOIA's administrative exhaustion requirement, DHS/TSA was required to make a final determination on Plaintiff's request by January 10, 2023 at the latest.  Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's

- 4 -

FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 1, 2023

*/s/ Russ Nobile*
T. Russell Nobile
Bar ID MI0092
JUDICIAL WATCH, INC.
P.O. Box 6592
Gulfport, Mississippi 39506
Tel:   (202) 527-9866
Email: Rnobile@judicialwatch.org

*Counsel for Plaintiff*